IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCUS DARWYN JONES,      )<br>    ID # 55971-177,      )<br>        Movant,      )<br>                              )<br>vs.                           )<br>                              )<br>UNITED STATES OF AMERICA,     )<br>        Respondent.      ) | No. 3:23-CV-181-L-BH<br>No. 3:17-CR-357-L(1)<br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Amended*, received on April 27, 2023 (doc. 6), should be **DENIED** with prejudice as barred by the statute of limitations.

### I.   BACKGROUND

After being charged by indictment, on November 27, 2018, Marcus Darwyn Jones (Movant) pled guilty under a plea agreement to a superseding information charging him with one count of use of a facility of interstate commerce in aid of a racketeering enterprise in violation of 18 U.S.C. §§ 1952(a)(2) and (B) (18 U.S.C. §§ 1591(a) and (b)(2)), and one count of use of a facility of interstate commerce in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952(a)(3) and (A). (*See* docs. 1, 38, 40, 44.)[2] By judgment dated May 15, 2019, he was sentenced to a total term of 204 months' imprisonment, to be followed by a three-year term of supervised release. (*See* doc. 69 at 1-3.) On February 1, 2021, the judgment was affirmed on direct appeal. *See United States v. Jones*, 842 F. App'x 878 (5th Cir. 2021). His petition for a writ of certiorari

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:17-CR-357-L(1).

was denied by the Supreme Court on October 4, 2021. *See Jones v. United States*, 142 S. Ct. 171 (2021).

In correspondence dated February 26, 2022, Movant wrote "in regards to filing a 2255 motion" and requested the appointment of counsel. (doc. 94; *see also* No. 3:22-CV-606-L-BH, doc. 2.) The filing was construed as a first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and a new civil action was opened. (*See* No. 3:22-CV-606-L-BH, doc. 5 at 1-2.) By order dated March 16, 2022, Movant was provided with the required warnings and instructions under *Castro v. United States*, 540 U.S. 375, 383 (2003), and he was given the opportunity to either amend his filing if he intended to proceed with a § 2255 motion, or to file a notice that he intended to dismiss the action within 30 days of the order. (*See* No. 3:22-CV-606-L-BH, doc. 5 at 2-3.) Attached to the order was the standard form for § 2255 motions. (*See id.*, doc. 5-1.) He also was expressly warned that any future § 2255 motion may be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). (*See id.*, doc. 5 at 2.) On June 13, 2022, Movant filed a motion seeking, in relevant part, to withdraw his initial correspondence that was construed as a § 2255 motion so that he could later file his first § 2255 motion. (*See id.*, doc. 9.) The notice was liberally construed as a notice of voluntary dismissal of his claims without prejudice, and the action was terminated the next day. (*See id.*, docs. 9-10.)

On January 23, 2023, a hand-written "2255 motion" that did not follow the standard form for § 2255 motions was received from Movant. (*See* No. 3:23-CV-181-L-BH, doc. 1.) The motion is dated October 20, 2022, but it is post-marked three months later, on January 17, 2023. (*See id.*, doc. 1 at 1, 10.) By notice order of deficiency dated January 26, 2023, Movant was notified that his § 2255 motion was not filed on the appropriate form, and he was instructed to file an amended § 2255 motion on the appropriate form within 30 days of the order. (*See id.*, doc. 3.) His amended

§ 2255 motion raises the following grounds:

(1) Conviction obtained by the unconstitutional failure of Prosecution to disclose to the defendant evidence favorable to the defendant;

(2) A conviction obtained by Plea of Guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and consequences of the plea; and

(3) Denial of Effective assistance of counsel;

(*Id.*, doc. 6 at 7.)

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct h[er] sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), Movant's conviction became final on October 4, 2021, when the Supreme Court denied his petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a

certiorari petition expires."). He does not allege that government action prevented him from filing a § 2255 motion earlier, and he has not alleged any right newly recognized by the Supreme Court. *See* 28 U.S.C. §§ 2255(f)(2), (3).

The facts supporting Movant's claims became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, October 4, 2021. Movant did not file this § 2255 action until almost sixteen months later, so it is untimely in the absence of equitable tolling or an applicable exception to the limitations period.[3]

## A.    Equitable Tolling

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting h[er] rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a

---

[3] As noted, while Movant's initial non-compliant § 2255 motion is dated October 20, 2022, it is post-marked three months later, on January 17, 2023. (*See* No. 3:23-CV-181-L-BH, doc. 1 at 1, 10.) Even assuming for purposes of this motion only that October 20, 2022 is the filing date under the prison mailbox rule, it was still filed sixteen days after the one-year limitations period expired on October 4, 2022. *See United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) ("Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system.") (citing *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011)).

4

habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

In his non-compliant § 2255 motion, Movant alleges, "Due to Yazoo City USP being on red due to Covit [sic] and short staffed then the whole compound being placed on emergency lockdown and holidays I have not had access to the law libriary [sic] and unit team, to get the proper items I need to file this motion [ ] far [sic] as stamps pens and paper from cantine." (No. 3:23-CV-181-L-BH, doc. 1 at 6.) Movant provides no evidence or facts showing the periods when his place of incarceration was under "emergency lockdown" or "on red," or when he was allegedly denied access to the law library, unit team, and writing materials. Additionally, his allegations provide no basis for equitably tolling the limitations period.[4] *See, e.g.*, *Calhoun v. Hooper*, No. 21-30693, 2022 WL 2346969, at *1 (5th Cir. Mar. 29. 2022) (denying certificate of appealability where habeas petitioner claimed he was entitled to equitable tolling because his place of incarceration was placed on limited lockdown due to COVID-19, he was denied access to the law library and his substitute counsel, and unvaccinated prisoners were not allowed to move around the prison and only recently were allowed access to their substitute counsel); *Coppin v. United*

---

[4] Although Movant claims he lacked access to stamps and writing materials, his other case filings confirm that he had access to those materials at least between March and June 2022, within the limitations period. (*See* No. 3:22-CV-606-L-BH, docs. 2, 9.)

5

*States*, Nos. 3:15-CV-3869-K, 2018 WL 1122175, at *4 (N.D. Tex. March 1, 2018) ("An institutional lockdown or a delay in access to a law library is not itself a rare and exceptional circumstance that warrants equitable tolling.") (citing *Lewis v. Casey*, 518 U.S. 343, 362 (1996)); Because he has not met his burden to establish circumstances warranting equitable tolling, his § 2255 motion should be denied as untimely.

B.   **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the movant guilty beyond a reasonable doubt in light of the newly discovered evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case, as here. *See Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if it does, Movant does not allege that he is actually innocent of the offenses of conviction, and his claims do not present evidence of actual innocence. Accordingly, he cannot overcome the applicable AEDPA limitations period on the basis of actual innocence. His § 2255 motion should be denied as untimely.

### III. RECOMMENDATION

The *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Amended*, received on April 27, 2023 (doc. 6), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 2nd day of May, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE